UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:03-CV-164 AS |
| | ) | |
| TIM FERGUSON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATION**

On May 9, 2003, Plaintiff Directv Inc. (Directv) filed its complaint. On June 29, 2004, this case was fully referred to the undersigned to issue a report and recommendation for all matters. On September 19, 2006, Directv filed a motion for default judgment. On January 15, 2007, Directv filed several affidavits in support of its motion. For the following reasons, this Court **RECOMMENDS** that Directv's motion for a default judgment [Doc. No. 116] be **GRANTED** and that judgment be entered against Defendant and in favor of Directv.

**I.    FACTS.**

Directv is in the business of providing private homes and businesses with satellite television programing. Directv secures the broadcast rights for various programs and then sends a scrambled broadcast to its satellites. The scrambled broadcast is then sent from the satellites to home or business viewers who have purchased the appropriate equipment from Directv. Directv's equipment unscrambles the broadcast for its viewers. People and entities than receive certain unscrambled programing either by 1) paying a monthly fee or 2) paying a set fee for a one time viewing.

Directv has undisputed evidence that Defendant purchased several illegal devices on June 20, 2001, that allow him to "pirate" programming from Directv's satellites. Essentially, the illegal device allows Defendant to receive programming either by illegally receiving and unscrambling Directv transmissions, or by bypassing certain features on legitimate Directv equipment that require one to pay a fee for a one time viewing.

## II.  ANALYSIS

There is no dispute that Directv is entitled to a default judgment because Defendant has failed to enter an appearance or otherwise defend this action. Furthermore, a clerk's entry of default has already been entered against Defendant. Thus, all that remains is to determine a reasonable judgment

Federal law provides under 18 U.S.C. § 2520(2) that one who intercepts scrambled communications is liable for either $100 dollars per day for each day of violation or $10,000, which ever happens to be greater. Directv has provided undisputed evidence that Defendant purchased equipment that allows one to illegally intercept Directv's scrambled communications, but Directv has not specifically provided evidence of how many days Defendant intercepted those communications. Thus, Directv is entitled to $10,000 under 18 U.S.C. § 2520(2), the statutory minimum.

Furthermore, Directv is entitled to an additional $10,000 under 47 U.S.C. § 605(e)(3)(C)(i). Directv alleged in its complaint that Defendant distributed illegal devices in violation of 47 U.S.C. § 605(e)(4), and Directv has provided some evidence to support the allegation. See Merrill Lynch Mortg. v. Narayan, 908 F.2d 246, 252 (7th Cir. 1990) (stating well plead allegations of liability are taken as true). However, Directv has not provided any evidence

2

to lead this Court to believe Directv is entitled to more than the statutory minimum either by providing evidence of a specific number of distributions or specific evidence of a willful violation.  Id. (indicating damages must be proved); see also 47 U.S.C. 605(e)(3)(C) (indicating statutory minimums and the means by which more than statutory minimum may be awarded).  Even though Directv alleges a general number of illegal distributions in its complaint, Directv has not provided a specific number of sales to allow this Court to calculate damages appropriately.[1]   Consequently, Directv is also entitled to the statutory minimum of $10,000 under 47 U.S.C. § 605(e)(3)(C)(i). Finally, because Directv is entitled to default judgment, Directv is also entitled to its reasonable attorney's fees of $480.28.

Accordingly, because Directv has presented evidence that Defendant illegally intercepted Directv communications, Defendant also should be enjoined from committing similar violations of federal law against Directtv or others.

## III.    CONCLUSION

For the reasons stated, this court **RECOMMENDS** that Directv's motion for default judgment be **GRANTED** [Doc. No. 116] and that Directv be awarded damages in the amount of $20,000 and attorney's fees in the amount of $480.28.  Defendant should also be enjoined from committing similar acts of communication piracy in the future.

---

[1] Plaintiff's Complaint at ¶36(a) alleges Defendant distributed approximately 40 illegal devices.  An approximation does not allow this Court to determine exactly how many violations occurred.  Under federal law 47 U.S.C. § 605(e)(3)(C)(i) allows between $10,000 and $100,000 for **each** violation.  This Court can only guess at how to aggregate damages and reach a specific sum when it is only given an approximation.  As a result, Directv is only entitled to the statutory minimum.

**NOTICE IS HEREBY GIVEN** that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. **Fed.R.Civ.P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 25th Day of January, 2007.

s/Christopher A Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge